**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3751
_____

UNITED STATES OF AMERICA

v.

LUIS ANTONIO MEMBRENO-DOMINGUEZ,
aka Luis A. Dominque aka Luis A. Domingues
aka Luis R. Membreno-Dominques,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-19-cr-00061-001)
District Judge:  Hon. Freda L. Wolfson
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 9, 2020

Before: McKEE, BIBAS, and FUENTES, *Circuit Judges*.

(Filed: August 3, 2020)
_____

OPINION**
_____

---

** This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FUENTES, *Circuit Judge*.

Appellant Luis Antonio Membreno-Dominguez pleaded guilty to illegal reentry and was sentenced to 46 months in prison. His appellate counsel moves for permission to withdraw pursuant to *Anders v. California*,[1] asserting that there are no nonfrivolous issues to raise on appeal. For the following reasons, we will grant the motion and affirm the judgment of the District Court.

**I.**

Luis Antonio Membreno-Dominguez, a native of Honduras, was previously deported from the United States on three separate occasions, including after a 2010 illegal reentry conviction in the Southern District of Texas. Without permission, he reentered the United States and was later stopped following a traffic infraction in Mount Laurel, New Jersey. He was indicted and charged with illegal reentry,[2] and jurisdiction over his supervised release from the Southern District of Texas was transferred to the District of New Jersey to be resolved with the instant offense.

In May 2019, Membreno-Dominguez pleaded guilty to illegal reentry and violating a term of his supervised release. In advance of sentencing, the Probation Office prepared a Presentence Report ("PSR") recommending a United States Sentencing Guidelines ("Guidelines") range of 63 to 78 months' imprisonment, based on a total offense level of 19 and a criminal history category of VI.

---

[1] 386 U.S. 738 (1967).
[2] 8 U.S.C. § 1326(a), (b)(2).

At sentencing, neither party objected to the PSR. Membreno-Dominguez moved for a downward variance and, after considering the parties' arguments and the sentencing factors under 18 U.S.C. § 3553(a), the District Court sentenced him to 51 months' imprisonment.

Membreno-Dominguez appealed, and while that appeal was pending, the parties discovered that his term of supervised release, the violation of which he also pleaded guilty to, had expired. Upon Membreno-Dominguez's motion for summary action, this Court vacated the sentences and remanded the matter to the District Court for resentencing.

At resentencing, the District Court dismissed the supervised release violation and re-calculated Membreno-Dominguez's Guidelines range. The District Court and the parties agreed that his criminal history category was a level V, resulting in an advisory Guidelines range of 57 to 71 months' imprisonment. Membreno-Dominguez again moved for a downward variance, arguing that his return to this country was motivated primarily by his desire to be with his daughter and to escape the violence in his native country of Honduras.[3] Upon hearing from the parties and considering the § 3553(a) factors, the District Court granted the motion for a downward variance and resentenced Membreno-Dominguez to a term of 46 months' imprisonment.[4] This appeal followed.

**II.**[5]

---

[3] Counsel also relied on her previous sentencing submission and arguments in support of a downward variance.

[4] The District Court also relied on its previous evaluation of the relevant sentencing factors.

[5] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). The Court exercises plenary

Under *Anders*, appellate counsel may file a motion to withdraw from a criminal appeal when "the indigent criminal defendant he represents wishes to pursue frivolous arguments."[6] When counsel submits an *Anders* brief, we must determine "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues."[7]

The first prong of the *Anders* analysis is satisfied if defense counsel has (1) "thoroughly examined the record in search of appealable issues," and (2) "explain[ed] why the issues are frivolous."[8] If these requirements are met, the *Anders* brief guides our review of the record.[9] Then, "[i]f the panel agrees that the appeal is without merit, it will grant counsel's *Anders* motion, and dispose of the appeal without appointing new counsel."[10]

To discharge her duties under *Anders*, counsel appropriately points to three issues: (1) the District Court's jurisdiction; (2) the validity of the guilty plea; and (3) the reasonableness of the sentence.[11] Counsel's discussion of these issues shows that she carefully examined the record and applicable case law in determining that there are no nonfrivolous issues to raise. Thus, we find that counsel has "provided sufficient indicia that

---

review to determine whether there are any nonfrivolous issues. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *Simon v. Gov't of the V.I.*, 679 F.3d 109, 114 (3d Cir. 2012).

[6] *United States v. Youla*, 241 F.3d 296, 299 (3d Cir. 2001).

[7] *Id.* at 300 (citing *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000)).

[8] *Id.*

[9] *Id.* at 300-01.

[10] 3d Cir. L.A.R. 109.2(a).

[11] *See United States v. Broce*, 488 U.S. 563, 569 (1989) (noting that "[a] plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence," and thus any further inquiry is limited to the plea's validity and the legality of the sentence imposed).

[s]he thoroughly searched the record and the law in service of [her] client so that we might confidently consider only those objections raised."[12]

First, it is clear that the District Court had jurisdiction under 18 U.S.C. § 3231, because Membreno-Dominguez was charged with and pleaded guilty to illegal reentry, a federal offense. Thus, any challenge to the District Court's jurisdiction would be frivolous.

Second, nothing in the record undermines the validity of Membreno-Dominguez's plea. Upon observing and questioning Membreno-Dominguez, the District Court found that he was competent to plead guilty. The District Court informed Membreno-Dominguez of the rights he was forfeiting and warned him as to the consequences of his plea. It explained the nature of his offense and its potential sentence, including the statutory maximum sentence he faced. Satisfied with counsel's representation, Membreno-Dominguez admitted to facts establishing an adequate basis for his plea. His guilty plea was knowing and voluntary, and we agree with counsel that any issue as to the validity of the guilty plea would be frivolous.

Third, any challenge to the procedural and substantive reasonableness of the sentence would be frivolous. Membreno-Dominguez's sentence complied with Rule 32's procedural requirements. With respect to procedural reasonableness of a sentence, a district court must (1) correctly calculate the applicable Guidelines range; (2) consider any departure motions; and (3) meaningfully consider all the § 3553(a) factors.[13] Here, the District Court correctly calculated Membreno-Dominguez's advisory Guidelines range.

---

[12] *Youla*, 241 F.3d at 301 (quoting *Marvin*, 211 F.3d at 781).
[13] *United States v. Merced*, 603 F.3d 203, 215 (3d Cir. 2010).

After hearing from the parties and considering the § 3553(a) factors, the District Court granted an eleven-month downward variance from the advisory Guidelines range.[14] The Court meaningfully considered Membreno-Dominguez's arguments and justified its decision to sentence below the Guidelines.

The sentence is also substantively reasonable. A sentence is substantively reasonable unless "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided."[15] The District Court's sentence reflects an appropriate consideration of the relevant sentencing factors, including Membreno-Dominguez's criminal history and the nature and circumstances of the offense. Further, the sentence fell eleven months below the bottom of the Guidelines range. Accordingly, any challenge to the substantive reasonableness of the sentence would be frivolous.

**III.**

Having reviewed the record and counsel's *Anders* brief, we agree with counsel that any issue Membreno-Dominguez could raise on appeal would be frivolous. Accordingly, we will grant counsel's motion to withdraw and affirm the District Court's judgment. Counsel is also relieved of the obligation to file a petition for writ of certiorari in the Supreme Court of the United States.[16]

---

[14] The District Court also relied on its evaluation of Membreno-Dominguez's § 3553(a) factors from the first sentencing hearing.

[15] *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009).

[16] *See* 3d Cir. L.A.R. 109.2(a)–(b).